**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   Case No. 3:24-cr-0014 |
| | ) |
| **SANTOS JIMENEZ-CARABALLO,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**ORDER**

**BEFORE THE COURT** is Defendant Santos Jimenez-Caraballo's Motion to Suppress Physical Evidence, filed on August 12, 2024. (ECF No. 31.) The Government filed an opposition on August 23, 2024. (ECF No. 35.) The Court held an evidentiary hearing on March 13, 2025. Having reviewed the written submissions of the parties and heard the arguments of counsel and upon due consideration thereof, for the reasons stated on the record, the Court will deny the motion.

First, the Court finds that the automobile exception to the search warrant requirement is applicable in this matter. *See, e.g., Pa. v. Labron*, 518 U.S. 938, 940 (1996) (stating "[i]f a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment thus permits police to search the vehicle without more" (citation omitted)). Second, the Court questions whether a traffic stop even occurred for purposes of a Fourth Amendment search and seizure as the Defendant did not yield to a show of authority. *See United States v. Waterman*, 569 F.3d 144, 146 n.3 (3d Cir. 2009) (stating that a submission to authority "requires, at a minimum, that a suspect manifest compliance with police order"). Nevertheless, in the event such a traffic stop occurred, the Court finds that the

*United States v. Jimenez-Caraballo*
Case No. 3:24-cr-0014
Order
Page 2 of 3

law enforcement agents had both probable cause and reasonable suspicion, based upon the totality of circumstances, to believe that the driver of the vehicle was involved in criminal activity. *See Henry v. United States*, 361 U.S. 98, 102 (1959) (opining that probable cause justifies a seizure without a warrant "if the facts and circumstances known to the arresting officer warrants a prudent man in believing that an offense had been or was being committed"). Third, with regard to the search of the vehicle and seizure of the contents therein, the Court finds that the driver of the vehicle abandoned the vehicle by fleeing the vehicle before the law enforcement agents approached and displaying an intent to abandon the contents therein. *See United States v. Curran*, 638 Fed. Appx. 149, 153-54 (3d Cir. 2016); *see also United States v. Smith*, 648 F.3d 654, 660 (8th Cir. 2011) (holding that suspect abandoned the vehicle he was driving "'when he left the car open, with the keys in the ignition, the motor running, in a public area' and then ran from the police"). Assuming, *arguendo*, that the driver did not abandon the vehicle, the Court finds that the law enforcement agents had probable cause to search the vehicle after the driver fled under the automobile exception to the warrant requirement. *Labron*, 518 U.S. at 940; *see also California v. Carney*, 471 U.S. 386, 394-95 (1985) (explaining the basis for the automobile exception to the warrant requirement).

Accordingly, it is hereby

**ORDERED** that Defendant's Motion to Suppress, ECF No. 31, is **DENIED;** it is further

**ORDERED** that the parties **SHALL** file their respective notices of readiness for trial no later than **March 31, 2025;** it is further

*United States v. Jimenez-Caraballo*
Case No. 3:24-cr-0014
Order
Page 3 of 3

   **ORDERED** that the parties **SHALL** file and serve a pre-trial brief no later than **April 4, 2025,** which shall include the following: (a) proposed list of witnesses; (b) proposed list of exhibits; (c) estimated length of case-in-chief and case-in-defense; (d) proposed non-standard *voir dire* questions; (e) proposed non-standard jury instructions related to the elements of the charges and defenses; and (f) whether there are any discovery issues outstanding; it is further

   **ORDERED** that the parties **SHALL** provide the Clerk of Court with a USB Flash Drive containing electronic versions of exhibits no later than **April 10, 2025;**[1] and it is further

   **ORDERED** that the Jury Selection and Trial shall commence promptly at **9:00 a.m. on April 14, 2025,** in St. Thomas Courtroom 1.

**Dated**: March 13, 2025            */s/ Robert A. Molloy*
                      **ROBERT A. MOLLOY**
                      **Chief Judge**

---

[1] Counsel are advised to consult with Court technical staff to determine the proper format for saving electronic versions of exhibits. The Government's trial exhibits shall be labelled sequentially beginning with Government's Exhibit 1. Defense exhibits shall be labelled sequentially beginning with Defense Exhibit A. Hard copies of exhibits will not be allowed absent a showing of exceptional circumstances.